UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CORINA L. DAVIS,

    Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security

    Defendant.

17-CV-167
DECISION AND ORDER

On February 23, 2017, the plaintiff, Corina L. Davis, brought this action under the Social Security Act ("the Act"). She seeks review of the determination by the Commissioner of Social Security ("Commissioner") that she was not disabled. Docket Item 1. On January 18, 2018, Davis moved for judgment on the pleadings, Docket Item 15; on July 20, 2018, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 21; and on October 5, 2018, Davis replied, Docket Item 25.

For the reasons stated below, this Court grants Davis's motion in part and denies the Commissioner's cross-motion.

## **BACKGROUND**

### I.    PROCEDURAL HISTORY

On March 26, 2013, Davis applied for Supplemental Security Income benefits. Docket Item 7 at 191-199. She claimed that she had been disabled since August 1, 2012, due to degenerative disc disease and herniated discs. *Id.*

On July 12, 2013, Davis received notice that her application was denied because she was not disabled under the Act. *Id.* at 113-119. She requested a hearing before an administrative law judge ("ALJ"), *id.* at 129-130, which was held on December 22, 2014, *id.* at 41-80. The ALJ then issued a decision on September 16, 2015, confirming the finding that Davis was not disabled. *Id.* at 20-35. Davis appealed the ALJ's decision, but her appeal was denied, and the decision then became final. *Id.* at 5-10. On February 23, 2017, Davis filed this action, asking this Court to review the ALJ's decision. Docket Item 1.

## II.  THE ALJ'S DECISION

In denying Davis's application, the ALJ evaluated Davis's claim under the Social Security Administration's five-step evaluation process for disability determinations. *See* 20 C.F.R. § 404.1520. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant is suffering from any severe impairments. § 404.1520(a)(4)(ii). If there are no severe impairments, the claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or combination of impairments meets or equals an impairment listed in the regulations. § 404.1520(a)(4)(iii). If the claimant's severe impairment or combination of impairments meets or equals one listed in the regulations, the claimant is disabled. *Id.* But if the ALJ

finds that no severe impairment meets or equals any in the regulations, the ALJ proceeds to step four. § 404.1520(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See* §§ 404.1520(a)(4)(iv); 404.1520(d)-(e). The RFC is a holistic assessment of the claimant—addressing both severe and nonsevere medical impairments—that evaluates whether the claimant can perform past relevant work or other work in the national economy. *See* 20 C.F.R. § 404.1545.

After determining the claimant's RFC, the ALJ completes step four. 20 C.F.R. § 404.1520(e). If the claimant can perform past relevant work, he or she is not disabled, and the analysis ends. § 404.1520(f). But if the claimant cannot, the ALJ proceeds to step five. 20 C.F.R. §§ 404.1520(a)(4)(iv); 404.1520(f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); 20 C.F.R. § 404.1520(a)(4)(v), (g). More specifically, the Commissioner bears the burden of proving that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

In this case, the ALJ determined at step one that Davis had not engaged in "substantial gainful activity" since August 1, 2012, the alleged onset date. Docket Item 7 at 25. At step two, the ALJ found that Davis had several severe impairments: "degenerative disc disease, osteoarthritis of the knees, and obesity." *Id.* The ALJ also considered whether Davis's "medically determinable mental impairment of depression"

3

was a severe impairment but found that it "does not cause more than minimal limitation in [her] ability to perform basic mental work activities and is therefore nonsevere." *Id.* at 26. In reaching this conclusion, the ALJ found that Davis's depression caused "mild limitations" in activities of daily living; social functioning; and concentration, persistence, or pace. *Id.* at 26-27. The ALJ also observed that Davis had no "episodes of decompensation which have been of extended duration." *Id.* at 27. And the ALJ then explained that

> [t]he limitations identified [regarding Davis's mental impairment] are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listing in 12.00 of the Listing of Impairments (SSR 96-8p). Therefore, the following residual function capacity assessment reflects the degree of limitation I have found in the "paragraph B" mental function analysis.

*Id.*

At step three, the ALJ determined that Davis did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* In assessing Davis's RFC, the ALJ determined that Davis could perform sedentary work as defined in 20 C.F.R. § 404.1567(a),[1] except that she can kneel, crouch, crawl, and climb stairs or ramps only occasionally, and can never climb ladders, ropes, or scaffolds. *Id.* at 28-29.

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

4

At step four, the ALJ determined that Davis "is unable to perform any past relevant work." *Id.* at 35. But at step five, the ALJ found that Davis "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy," such as a "[c]all-out operator," a "[t]elephone quotation clerk," and a "[b]everage order clerk." *Id.* at 33-34. For that reason, the ALJ concluded that Davis was not disabled. *Id.* at 35.

## **STANDARD OF REVIEW**

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

5

**DISCUSSION**

Davis argues that this case must be remanded for further administrative proceedings because the ALJ "failed to properly evaluate [her] alleged symptoms and limitations in assessing the residual functional capacity." Docket Item 15 at 21. For the following reasons, this Court agrees.

It is well established that "step two of the Commissioner's five-step analysis . . . requires the ALJ to determine whether [a] mental impairment is 'severe' or 'not severe.'" *Wells v. Colvin*, 727 F.3d 1061, 1064 (10th Cir. 2013) (quoting 20 C.F.R. §§ 404.1520a(b)-(d), 416.920a(b)-(d)). "But the regulations also instruct that even if the ALJ determines that a claimant's medically determinable mental impairments are 'not severe,' he must further consider and discuss them as part of his [RFC] analysis at step four." *Id.* Specifically, the ALJ "must consider the combined effect of all the claimant's medically determinable impairments, *whether severe or not severe.*" *Id.* at 1065 (emphasis in original).

"[T]he Commissioner's procedures do not permit the ALJ to simply rely on his finding of non-severity as a substitute for a proper RFC analysis." *Id.* (citing Social Security Ruling 96-9p, 1996 WL 374184, at *4 (July 2, 1996)). Moreover, "the ALJ's 'RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence.'" *Id.* (quoting SSR 96-8p, 1996 WL 374184, at *7). Even when an ALJ uses "language suggesting he had excluded [mental impairments] from consideration as part of his RFC assessment[] based on his determination of non-severity" at step two, he must explicitly analyze the nonsevere impairments as part of his RFC analysis, *see id.*, unless he finds

6

"at step two that a medically determinable impairment posed *no* restriction on the claimant's work activities," *id.* at 1065 n.3 (emphasis in original). So if the ALJ "find[s] 'mild' restrictions" resulting from a nonsevere impairment, the ALJ must address those restrictions as part of his RFC analysis. *Id.* And when the ALJ fails to address nonsevere mental impairments in formulating a claimant's RFC, it is "necessary to remand [the] case for further consideration." *Parker-Grose v. Astrue*, 462 Fed. Appx. 16, 18 (2d Cir. 2012).

In this case, the ALJ found at step two that Davis's depression caused "mild limitations" in three functional areas: (1) "activities of daily living"; (2) "social functioning"; and (3) "concentration, persistence, or pace." Docket Item 7 at 26-27. But the ALJ failed to address these limitations when formulating Davis's RFC. *Id.* at 28-33. The ALJ paid lip service to Davis's mental health issues, stating that "[i]n evaluating the effect of [her] mental impairment on her residual functional capacity, I give little weight to the opinion of the psychiatric consultative examiner, Dr. Baskin, and greater weight to the opinion of the State agency review psychologist, Dr. Totin, for the same reasons discussed above in Finding 3." *Id.* at 32. But that conclusory assignment of weight is insufficient because it does not "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *See Wells*, 727 F.3d at 1069 (emphasis in original) (quoting SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996)).

In fact, the ALJ actually acknowledged her obligation to address Davis's mental health issues in formulating the RFC. After noting that the analysis at step two was not

7

an RFC assessment, the ALJ distinguished the step two analysis from what is required at steps four and five.

> The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments.

Docket Item 7 at 27. But other than baldly asserting that Davis's RFC "reflects the degree of limitation I have found in the 'paragraph B' mental function analysis," the ALJ never made that "more detailed assessment," *id.*—at least not in a way that permits review by this Court.

What is more, as the ALJ recognized, the state agency review psychologist to whom the ALJ assigned "greater weight" did *not* conclude that Davis's depression caused *no* limitations on her ability to work, but instead found that Davis's depression caused "mild" limitations on her ability to work. Docket Item 7 at 26. So even if the ALJ correctly assigned "greater weight" to the state agency review psychologist who never saw Davis and "little weight" to the consultative psychologist who actually examined her, the ALJ never addressed how Davis's mild limitations affected her ability to work or incorporated any mental health limitations into the RFC. Simply stated, the ALJ erred in failing to explicitly address the extent of those limitations as part of the RFC analysis.

Because the RFC includes no mental restrictions or limitations whatsoever, this Court cannot be sure that any error was harmless. *See* Docket Item 7 at 28-33.[2] So

---

[2] In assessing Davis's RFC, the ALJ determined that Davis could perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that she can kneel, crouch, crawl, and climb stairs or ramps only occasionally. Docket Item 7 at 28-29. None of those limitations address mental health issues in any way.

8

even if substantial evidence supports the ALJ's determination that Davis's mental impairment was not severe at step two, remand is still necessary "for further consideration because the ALJ failed to account [for Davis's] mental limitations when determining her RFC." *Parker-Grose*, 462 Fed. Appx. at 18.[3]

## **CONCLUSION**

For the reasons stated above, the Commissioner's motion for judgment on the pleadings, Docket Item 21, is DENIED, and Davis's motion for judgment on the pleadings, Docket Item 15, is GRANTED in part and DENIED in part. The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:  December 6, 2019
        Buffalo, New York

                                       *s/ Lawrence J. Vilardo*
                                       LAWRENCE J. VILARDO
                                       UNITED STATES DISTRICT JUDGE

---

[3] This Court "will not reach the remaining issues raised by [Davis] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).